IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEMPIS SONGSTER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO.  04-5916 |
| | : | |
| **JEFFREY A. BEARD,** *et al.* | : | |

### MEMORANDUM OPINION

**Savage, J.**                                                                                                          **July 29, 2014**

The issue in this § 2254 habeas action is whether the holding in *Miller v. Alabama*[1] that a mandatory life without parole sentence for juvenile homicide defendants is unconstitutional may be applied retroactively to cases on collateral review.  The Third Circuit has yet to decide.  The Eleventh Circuit, the only circuit court to address the issue, held that *Miller* is not retroactive.[2]  District courts and state courts are divided.

Those courts which have held that *Miller* applies retroactively have reached the result by different paths.  Some based their decisions on the *Miller* Court's application of its holding to the companion case, *Jackson v. Hobbs*,[3] which was on collateral review.[4]

---

[1] 132 S. Ct. 2455 (2012).

[2] *In re Morgan*, 713 F.3d 1365 (11th Cir. 2013), *reh'g en banc denied*, 717 F.3d 1186 (11th Cir. 2013).

[3] *Jackson v. Norris*, 378 S.W.3d 103 (Ark. 2011), *rev'd and remanded sub nom. Miller v. Alabama*, 132 S. Ct. 2455 (2012).

[4] *See, e.g.*, *In re Rainey*, 168 Cal. Rptr. 3d 719, 724 (Cal. Ct. App. 2014) ("[T]he Supreme Court specifically held the new rule applied not only to the defendant in *Miller,* but also to the defendant in *Jackson* on collateral review . . . .  There would have been no reason for the Court to direct such an outcome if it did not view the *Miller* rule as applying retroactively to cases on collateral review."), *review granted and opinion superseded by In re Rainey*, 326 P.3d 251 (Cal. 2014); *State v. Mantich*, 287 N.W.2d 716, 731 (2014) ("We also find it noteworthy that the Court applied the rule announced in *Miller* to Jackson, who was before the Court on collateral review . . . .  [W]e are not inclined to refuse to apply the rule announced in *Miller* to a defendant before us on collateral review when the Court has already applied

Others engaged in the retroactivity analysis set forth in *Teague v. Lane,* 489 U.S. 288 (1989). Among these, some found that *Miller* announced a new substantive rule qualifying for retroactive application under the first *Teague* exception.[5] One court

---

the rule to a defendant before it on collateral review."); *Diatchenko v. Dist. Attorney for Suffolk Dist.*, 1 N.E.3d 270, 281 (Mass. 2013) ("Our conclusion is supported by the fact that in *Miller* . . . the Supreme Court retroactively applied the rule that it was announcing in that case to the defendant in the companion case who was before the Court on collateral review."); *People v. Morfin*, 981 N.E.2d 1010, 1022-23 (Ill. App. Ct. 2012) ("Our decision is reinforced by the fact that one of the two *Miller* defendants was before the United States Supreme Court on collateral review following completion of his direct appeal and received relief in the same manner as Miller himself."); *State v. Ragland*, 836 N.W.2d 107, 116 (Iowa 2013) ("The procedural posture of the *Miller* decision further supports retroactive application . . . . [T]he Supreme Court specifically held the new rule applied not only to the defendant in *Miller,* but also to the defendant in *Jackson* on collateral review . . . . There would have been no reason for the Court to direct such an outcome if it did not view the *Miller* rule as applying retroactively to cases on collateral review.").

[5] *See, e.g.*, *Ex parte Maxwell*, 424 S.W.3d 66, 75 (Tex. Crim. App. 2014) ("We conclude that [the *Miller* rule] is a new substantive rule that puts a juvenile's *mandatory* life without parole sentence outside the ambit of the State's power.") (internal quotations omitted) (emphasis in original); *In re Rainey*, 168 Cal. Rptr. 3d at 725 ("Thus, the *Miller* rule constitutes a new substantive rule, and is not subject to *Teague*'s retroactivity bar, because it prohibits a certain category of punishment [life without parole] for a class of defendants [juvenile offenders convicted of homicide] because of their status [chronological age and its hallmark features] or offense.") (citations and internal quotations omitted); *Mantich*, 842 N.W.2d at 730 ("In essence, *Miller* amounts to something close to a de facto substantive holding, because it sets forth the general rule that life imprisonment without parole should not be imposed upon a juvenile except in the rarest of cases where that juvenile cannot be distinguished from an adult based on diminished capacity or culpability.") (internal quotation marks and footnotes omitted); *Diatchenko*, 1 N.E.3d at 281 ("The rule explicitly forecloses the imposition of a certain category of punishment – mandatory life in prison without the possibility of parole – on a specific class of defendants: those individuals under the age of eighteen when they commit the crime of murder."); *Morfin*, 981 N.E.2d at 1022 ("*Miller* constitutes a new substantive rule . . . . *Miller* mandates a sentencing range broader than that provided by statute for minors convicted of first degree murder who could otherwise receive only natural life imprisonment."); *Ragland*, 836 N.W.2d at 115-16 (holding that although *Miller* mandates a new procedure for sentencing minors, the procedural rule results from a substantive change in the law that prohibits mandatory life without parole sentences for juveniles, *i.e.* it "bars states from imposing a certain type of punishment on certain people"); *Jones v. Mississippi*, 122 So.3d 698, 702 (Miss. 2013) ("Prior to *Miller*, everyone convicted of murder in Mississippi was sentenced to life imprisonment and was ineligible for parole. Following *Miller*, Mississippi's current sentencing and parole statutes could not be followed in homicide cases involving juvenile defendants. Our sentencing scheme may be applied to juveniles only after applicable *Miller* characteristics and circumstances have been considered by the sentencing authority. As such, *Miller* modified our substantive law by narrowing its application for juveniles."); *Toye v. Florida*, 133 So. 3d 540, 554 (Fla. Dist. Ct. App. 2014) (applying Florida's own retroactivity analysis, and not the *Teague* analysis).

Two federal district courts have summarily concluded that the *Miller* rule applies retroactively as a new substantive rule. *See Hill v. Snyder*, No. 10-14568, 2013 WL 364198, at *1-2 (E.D. Mich. Jan. 30, 2013) (holding the *Miller* rule is retroactive to 42 U.S.C. § 1983 plaintiffs who challenged the constitutionality of a Michigan statute that prohibits the Michigan parole board from considering for parole those sentenced to life in prison for first-degree murder). The court noted that "if ever there was a legal rule that should – as a matter of law and morality – be given retroactive effect, it is the rule announced in *Miller*. To hold otherwise would allow the state to impose *unconstitutional* punishment on some persons but not others, an intolerable miscarriage of justice." *Id.* at *2 (emphasis in original). In a footnote, the

2

applied it retroactively as a "watershed rule of criminal procedure" qualifying under the second *Teague* exception.[6]

Courts holding that *Miller* is not retroactive have concluded that the new rule announced in *Miller* was a procedural one and did not qualify as a "watershed rule of criminal procedure."[7] The Pennsylvania Supreme Court has held that the rule is not

---

court stated it "would find *Miller* retroactive on collateral review, because it is a new substantive rule, which 'generally applies retroactively.'" *Id.* at *2 n.2 (citation omitted); *see also Alejandro v. United States*, No. 13 Civ. 4364, 2013 WL 4574066, at *1-2 (S.D.N.Y. Aug. 22, 2013) (granting petitioner's successive motion to set aside sentence of life imprisonment for conviction of murder in aid of racketeering and related charges committed when petitioner was fifteen years old, pursuant to 28 U.S.C. § 2255, and concluding that *Miller* was retroactive on collateral review as a substantive rule).

[6] *People v. Croft*, 6 N.E.2d 739 (Ill. App. Ct. 2013). However, the Illinois state appellate courts are divided over whether *Miller* is substantive, or a watershed procedural rule. The court in *People v. Croft* considered the *Miller* rule a "watershed" rule of criminal procedure, while the same court, but different division, in *Morfin*, found it was a substantive rule. *Compare Croft*, 6 N.E.2d at 745, with *Morfin*, 981 N.E.2d at 1022; *cf. People v. Johnson*, 998 N.E.2d 185, 194-95 (Ill. App. Ct. Oct. 9, 2013) (finding the *Miller* rule to be both a substantive rule and a watershed rule of criminal procedure).

[7] *See, e.g., In re Morgan*, 713 F.3d at 1367 ("*Miller* changed the procedure by which a sentencer may impose a sentence of life without parole on a minor by requiring the sentence to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison. And the Court declined to consider a categorical bar on life without parole for juveniles, or at least those 14 and younger.") (citations and internal quotations omitted); *Craig v. Cain*, No. 12-30035, 2013 WL 69128, at *2 (5th Cir. Jan. 4, 2013) ("*Miller* does not satisfy the test for retroactivity because it does not categorically bar all sentences of life imprisonment for juveniles; *Miller* bars only those sentences made mandatory by a sentencing scheme. Therefore, the first *Teague* exception does not apply.") (citations omitted); *Thompson v. Roy*, No. 13-cv-1524, 2014 WL 1234498 (D. Minn. Mar. 25, 2014); *Sanchez v. Vargo*, No. 3:13-cv-400, 2014 WL 1165862, at *4-6 (E.D. Va. Mar. 21, 2014); *Contreras v. Davis*, No. 1:13-cv-772, 2013 WL 6504654, at *3 (E.D. Va. Dec. 11, 2013) ("Indeed, the Supreme Court's language indicates that it intended the *Miller* rule to be procedural, rather than substantive.") (citing *Miller*, 132 S.Ct. at 2471 ("Our decision does not categorically bar a penalty for a class of offenders or type of crime – as, for example, we did in *Roper* or *Graham*.")); *Johnson v. Ponton*, No. 3:13-cv-404, 2013 WL 5663068, at *5 (E.D. Va. Oct. 16, 2013) ("The Supreme Court's language indicates that it intended the *Miller* rule to be procedural, rather than substantive."); *Ware v. King*, No. 5:12-cv-147, 2013 WL 4777322, at *3 (S.D. Miss. Sept. 5, 2013) ("For the reasons set forth by the Fifth Circuit in *Craig*, *Miller* is not retroactively applicable to cases on collateral review."); *State v. Tate*, 2012-2763 (La. 11/5/13), 130 So.3d 829, 837 ("[*Miller*] simply altered the range of *permissible methods* for determining whether a juvenile could be sentenced to life imprisonment without parole for such a conviction, mandating only that a sentence follow a certain process – considering an offender's youth and attendant circumstances – before imposing a particular penalty.") (citations and internal quotations omitted) (emphasis in original), *rehearing denied* (Jan. 27, 2014); *Commonwealth v. Cunningham*, 81 A.3d 1, 10 (Pa. 2013) ("Since, by its own terms, the *Miller* holding does not categorically bar a penalty for a class of offenders, it is procedural and not substantive for purposes of *Teague*.") (citations and internal quotations omitted); *Chambers v. State*, 831 N.W.2d 311, 328-39 (Minn. 2013) (concluding the rule in *Miller* is procedural and not substantive because first, the rule does not categorically ban life imprisonment without parole for juveniles convicted of homicide; second, relevant federal decisions, *i.e. Craig*, have concluded *Miller* is procedural; and third, unlike *Ring v. Arizona*, 536 U.S. 584 (2002), *Miller*

retroactive to cases on collateral review. *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013).

We conclude that the *Miller* Court both applied the new rule to the case on collateral review and established a substantive constitutional rule that applies to all defendants similarly situated to the petitioner in *Jackson*, *Miller*'s companion case, who was on collateral review.[8] Therefore, Songster, who was fifteen years old at the time he committed the murder for which he was convicted and sentenced to serve a life without parole sentence, is entitled to the relief mandated by *Miller* and must be resentenced.

### *Miller Applied Its Holding Retroactively*

Only the Supreme Court can make a new rule retroactive. *Tyler v. Cain*, 533 U.S. 656, 662 (2001). It does so only "through a holding." *Id.* at 663. Nevertheless, it is not necessary for the Supreme Court to expressly state that the new rule is retroactive. Such an explicit statement "is not a *sine qua non*" of retroactivity for purposes of 28 U.S.C. § 2244(b)(2)(A). *Id.* at 668 (O'Connor, J. concurring). The Court can do so by applying its holding logically. As Justice O'Connor explained, "the holdings must *dictate* the conclusion and not merely provide principles from which one *may* conclude that the rule applies retroactively." *Id.* at 669 (emphases in original).

---

does not announce a new element that must be proven); *People v. Carp*, 828 N.W.2d 685, 710 (Mich. Ct. App. 2012) ("The *Miller* Court indicated that its ruling was procedural in nature, stating, 'Our decision does not categorically bar a penalty for a class of offenders or type of crime . . . it *mandates only that a sentencer follow a certain process* – considering an offender's youth and attendant characteristics – before imposing a particular penalty.") (quoting *Miller*, 132 S.Ct. at 2471) (emphasis in original).

[8] When it granted *certiorari*, the Court ordered that *Miller* and *Jackson* be argued "in tandem." *Miller v. Alabama*, 132 S. Ct. 548 (2011); *Jackson v. Hobbs*, 132 S. Ct. 548 (2011). It did not order the cases consolidated. Instead, it ordered the two cases, each in a different procedural posture, to be argued one after the other.

The decision could just as easily have taken the moniker *Jackson* rather than *Miller*. *Miller* was the earlier docket number, No. 10-9646, and *Jackson* was No. 10-9647. Fortuitously, *Miller* was given the earlier number. As a consequence, the new principle bears Miller's name, rather than Jackson's.

*Miller v. Alabama*, a case on direct appeal, was argued with *Jackson v. Hobbs*, a case on collateral review.  The Court applied the new rule to both cases.  Had it not intended its holding to apply retroactively, it could have declined to take *Jackson*; or, once having taken it, the Court could have then made it clear that its holding applied to Miller, but not to Jackson because the latter was on collateral review.  Instead, it applied the new rule to Jackson and remanded his case for resentencing.

In *Roper v. Simmons*, 543 U.S. 551 (2005), the ruling was applied retroactively to Roper who was on collateral review.  The Court did not have to explicitly state that it was retroactive because it applied it to Roper.[9]

Similarly, when the *Miller* Court applied its holding to Jackson, it did more than announce a new rule.  It made the new rule retroactive by applying it to the case before it.

It would be fundamentally unfair to find that because Jackson was paired with Miller he gets relief in the form of resentencing and the possibility of release while others similarly situated will not and will die in prison.  Therefore, considering the Court's application of the new rule to Jackson, who was on collateral review, it logically follows that the *Miller* holding applies retroactively.

---

[9] *Landry v. Baskerville*, 3:13CV367, 2014 WL 1305696, at *6 (E.D. Va. Mar. 31, 2014) ("[B]y the combined effect of the holding in *Roper* and the holding in *Saffle* [*v. Parks*, 494 U.S. 484 (1990),] regarding the parameters of the first *Teague* exception, the substantive rule in *Roper* was made retroactive to cases on collateral review as a matter of logical necessity.") (citing *In re Sparks*, 657 F.3d 258, 262 (5th Cir. 2011)); *Schafer v. Clark*, CIV S-08-1114, 2009 WL 3157453, at *4 (E.D. Cal. Sept. 25, 2009); *State v. Morgan*, 626 S.E.2d 888, 889 (S.C. 2006); *Arroyo v. Dretke*, 362 F. Supp. 2d 859, 883 (W.D. Tex. 2005); *Little v. Dretke*, 407 F. Supp. 2d 819, 823-24 (W.D. Tex. 2005); *Holly v. Mississippi*, No. 3:98CV53, 2006 WL 763133, at *1 (N.D. Miss. Mar. 24, 2006).  *But see Williams v. Ryan*, 05CV0737, 2010 WL 3768151, at *16 (S.D. Cal. Sept. 21, 2010) ("Although there is a valid argument that *Roper* announced a new rule of constitutional law which is retroactive on collateral appeal, Petitioner has failed to demonstrate that the Supreme Court itself has made *Roper*'s holding retroactive.") (internal citations omitted), *aff'd*, 472 F. App'x 457 (9th Cir. 2012).

*The Miller Rule is a Substantive Rule*

*Miller* is not only retroactive because it was applied to a case on collateral review, it is retroactive under the *Teague* analysis. The new rule falls within the first *Teague* exception as a substantive rule.

In *Teague*, the Supreme Court announced the general rule that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." 489 U.S. at 310. It then identified two exceptions when the new rule applies retroactively. Thus, a new rule applies retroactively to cases on collateral review only if it falls within one of the exceptions. *Id.* at 310.

A new rule falling within the first exception is one that "places 'certain kinds' of primary, private conduct beyond the power of the criminal law-making authority to proscribe." *Id.* at 311. The second exception is a "watershed rule of criminal procedure" that "requires the observance of 'those procedures' that . . . are implicit in the concept of ordered liberty." *Id.* at 307.

Since it created the two exceptions to the general rule of non-retroactivity in *Teague*, the Supreme Court has elucidated the retroactivity analysis. In *Schriro v. Summerlin*, 542 U.S. 348 (2004), it clarified the difference between the two exceptions – the first one is a substantive rule and the second is a procedural rule. Substantive rules are applied retroactively. *Id.* at 351. Procedural rules, on the other hand, are rarely, if ever, retroactive. *Id.* at 352.[10] Thus, the first step in the *Teague* analysis is to determine whether the rule is substantive or procedural.

---

[10] "[B]ecause any qualifying rule would be so central to an accurate determination of innocence or guilt that it is unlikely that many such components of basic due process have yet to emerge, it should

6

A substantive rule is one that "places a class of private conduct beyond the power of the state to proscribe," *Saffle v. Parks*, 494 U.S. 484, 494 (1990), or addresses a constitutional determination "prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Penry v. Lynaugh*, 492 U.S. 302, 329 (1989), *overruled in part on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002)). Such a rule is retroactive because the failure to apply it retroactively "necessarily carr[ies] a significant risk that a defendant stands convicted of 'an act that the law does not make criminal,'" *Bousley v. United States*, 523 U.S. 614, 620 (1998), or "faces a punishment that the law cannot impose upon him." *Summerlin*, 542 U.S. at 352.

*Summerlin* made clear that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." 542 U.S. at 353 (citing *Bousley*, 523 U.S. at 620-21, and *Saffle*, 494 U.S. at 495). The rationale for retroactivity of new substantive rules is that they "necessarily carry a significant risk that a defendant . . . faces a punishment that the law cannot impose upon him." *Summerlin*, 542 U.S. at 352 (quoting *Bousley*, 523 U.S. at 620).

The *Miller* rule has both substantive and procedural elements. Substantively, it bans mandatory life without parole sentences for juvenile homicide defendants. Procedurally, it mandates a minimal process for sentencing those in that class of defendants. The former is a new substantive rule of criminal law. The latter is an implementation of the substantive rule.

*Miller* struck down sentencing schemes that mandated life without parole for juveniles. In doing so, it declared that states could not impose such a sentence on a

---

come as no surprise that we have yet to find a new rule that falls under the second *Teague* exception." *Beard v. Banks*, 542 U.S. 406, 417 (2004) (internal quotations and citations omitted).

class of persons – juveniles convicted of murder. It eliminated the "significant risk" that a punishment that the law cannot impose would be imposed – a juvenile would be sentenced to die in prison when he would not otherwise be sentenced because of his peculiar characteristics associated with his youth.

In reaching its decision in *Miller*, the Court relied and built upon the rationale for the *Roper v. Simmons*[11] and *Graham v. Florida*[12] holdings, specifically stating that its decision was based upon two lines of precedent, one of which adopted "categorical bans on sentencing practices based on mismatches between the culpability of a class of offenders and the severity of a penalty." *Miller*, 132 S. Ct. at 2463 (citing *Graham*, 130 S. Ct. at 2022-23). As the Court did when it categorically banned the death penalty for juvenile offenders in *Roper* and life imprisonment without the possibility of parole for juvenile non-homicide offenders in *Graham*, the *Miller* Court categorically banned a sentencing practice or scheme as applied to juveniles. In essence, the substance of the *Miller* rule is no different than the rules established in *Roper* and *Graham*, which were applied retroactively.[13]

The *Miller* court drew on *Graham's* "likening life-without parole sentences imposed on juveniles to the death penalty itself." *Miller*, 132 S. Ct. at 2466. After

---

[11] 543 U.S. 551 (2005).

[12] 130 S. Ct. 2011 (2010).

[13] *See, e.g.*, *In re Evans*, 449 F. App'x 284 (4th Cir. 2011) (per curiam); *Loggins v. Thomas*, 654 F.3d 1204, 1221 (11th Cir. 2011) (finding *Graham* applies retroactively because it fit under the *Teague* exception for "new rules 'prohibiting a certain category of punishment for a class of defendants because of their status or offense.'"); *In re Sparks*, 657 F.3d at 262 ("By the combined effect of the holding of *Graham* itself and the first *Teague* exception, *Graham* was therefore made retroactive on collateral review by the Supreme Court as a matter of logical necessity under *Tyler*."); *Landry*, 2014 WL 1305696, at *6; *Schafer*, 2009 WL 3157453, at *4 ("*Roper* is a new rule which, if applicable to petitioner's claim, would apply retroactively and commence the limitations period as to that claim."); *Morgan*, 626 S.E.2d at 889 (applying *Roper* retroactively); *Arroyo*, 362 F. Supp. 2d at 883; *Little*, 407 F. Supp. 2d at 823-24; *Holly*, 2006 WL 763133, at *1.

explaining why juveniles must be treated differently than adults, the *Miller* Court stated that in *Graham* "because we viewed this ultimate penalty for juveniles as akin to the death penalty, we treated it similarly to that most severe punishment. We imposed a categorical ban on the sentence's use, in a way unprecedented for a term of imprisonment." *Id.* (citation omitted). These statements are an acknowledgment that there is no real difference between the death penalty and life without parole in the case of a juvenile defendant. Therefore, it follows that *Miller*, like *Graham* and *Roper*, must be applied retroactively.[14]

Those courts holding that *Miller* is not retroactive have concluded that the *Miller* rule is procedural and not substantive.[15] These courts rest their holdings on the *Miller* Court's declination to ban all life without parole sentences for juveniles convicted of murder. This means, in their view, that *Miller* simply requires a process that is not in place before a juvenile can be sentenced to life without parole. In other words, those courts maintain that because the *Miller* Court did not preclude a life sentence without parole, such a sentence can be imposed on a defendant despite his status as a juvenile. They ignore that *Miller* categorically banned a punishment that the law cannot impose upon juveniles, a mandatory life without parole sentence. They fail to recognize that those defendants who were sentenced before *Miller* were sentenced to terms of life imprisonment that were unconstitutional.

---

[14] Because we conclude that *Miller*, through its holding and as a substantive rule, is retroactive, we do not consider whether the second *Teague* exception applies.

[15] It is no surprise that courts are divided in their characterizations of the *Miller* rule as substantive or procedural. *See United States v. Tayman*, 885 F. Supp. 832, 841 (E.D. Va. 1995) (agreeing with the government that "the line separating procedure and substance is not always a bright one") (citing *Robinson v. Neil*, 409 U.S. 505, 509 (1978) ("[W]e would not suggest that the distinction that we draw is an ironclad one that will invariably result in the easy classification of cases in one category or the other.")).

9

*Miller* may not have banned a sentence of life without parole for juveniles convicted of murder. But, it did categorically ban mandatory imposition of such a sentence. That ban is substantive. Thus, contrary to the attempt of those courts to distinguish *Roper* and *Graham* from *Miller* because the former cases banned a specific sentence and the latter case did not, there is no real distinction because the substantive bases of all three holdings are the same.

*Miller* may allow the imposition of a life without parole sentence on a convicted juvenile murderer. But, it explicitly does not allow it to be imposed automatically, and any sentencing scheme that mandates such a sentence is unconstitutional. Thus, because it categorically bans a sentencing practice or a scheme as applied to all juveniles convicted of murder, *Miller* announces a new substantive rule.

At the time Songster was sentenced, there was no process or procedure in place in Pennsylvania. Juveniles convicted of first degree or second degree murder were automatically sentenced to life without parole, regardless of their age, their individual characteristics and the circumstances of the crime.[16] There was no discretion and no consideration of any factors, let alone those peculiar to juvenile offenders. Sentencing was a mere formality. The *Miller* Court struck down such a mandatory scheme. Therefore, like Jackson, Songster must be resentenced.

---

[16] In response to *Miller,* the Pennsylvania legislature amended the state sentencing law to eliminate mandatory life without parole and to provide a different sentencing scheme for juveniles convicted of murder. The amendments only apply to individuals convicted after June 24, 2012. *See* 18 Pa. Cons. Stat. Ann. § 1102.1 (2014).